Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

In the Matter of NESTOR H.O., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NESTOR H., Appellant, et al., Respondent. (Appeal No. 2.) [891 NYS2d 819]—

Memorandum: Respondent father appeals from an order terminating his parental rights pursuant to Social Services Law § 384-b on the ground of permanent neglect and freeing his son for adoption. By virtue of the father's admission of permanent neglect, petitioner, Onondaga County Department of Social Services, was not required to establish that it made diligent efforts to reunite the father with his son (*see Matter of Aidan D.*, 58 AD3d 906, 908 [2009]). Further, once permanent neglect has been established, "[a]n order of disposition shall be made . . . solely on the basis of the best interests of the child, and there shall be no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631). Thus, contrary to the father's contention, "[a] blood relative does not take precedence over a prospective adoptive parent selected by the authorized agency" (*Matter of Deborah F. v Matika G.*, 50 AD3d 1213, 1215 [2008]). Finally, the further contention of the father that Family Court erred in failing to issue a suspended judgment is unpreserved for our review, inasmuch as he failed to request that the court issue such a judgment (*see Matter of Shadazia W.*, 48 AD3d 1058 [2008]; *Matter of Charles B.*, 46 AD3d 1430, 1431 [2007], *lv denied* 10 NY3d 705 [2008]). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

In the Matter of JAMES R. DART, Respondent, v MARION G. WOOLMAN, Appellant. [890 NYS2d 887]—

Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

In the Matter of DONALD SAWYER, PH.D., Executive Director of Central New York Psychiatric Center, Respondent, for an Order Authorizing the Involuntary Treatment of R.G., a Patient at Central New York Psychiatric Center, Appellant. [891 NYS2d 813]—

Memorandum: Petitioner commenced this proceeding seeking, inter alia, to administer antipsychotic medication to respondent over his objection pursuant to the parens patriae power of the State of New York (*see Matter of William S.*, 31 AD3d 567, 568 [2006]; *see generally Rivers v Katz*, 67 NY2d 485, 496-498 [1986], *rearg denied* 68 NY2d 808 [1986]). We conclude that Supreme Court properly granted the petition. Contrary to respondent's contention, petitioner met his burden of establishing by clear and convincing evidence that respondent lacked "the capacity to make a reasoned decision with respect to proposed treatment" (*Rivers*, 67 NY2d at 497; *cf. Matter of Joseph O.*, 245 AD2d 856, 857-858 [1997]). Here, "[t]he uncontroverted expert testimony [established] that respondent suffers from a debilitating mental illness which he himself fails to perceive, a conclusion borne out by respondent's own testimony" (*Matter of McConnell*, 147 AD2d 881, 882 [1989], *appeal dismissed and lv denied* 74 NY2d 759 [1989]; *see Matter of Eleanor R. v South Oaks Hosp.*, 123 AD2d 460 [1986], *lv denied* 69 NY2d 602 [1986]). Even assuming, arguendo, that the reports of respondent's behavior while in prison that were contained in respondent's medical file constituted impermissible hearsay, we conclude that petitioner's expert witness properly considered them in forming her opinion inasmuch as the reports included information "of a kind accepted in the profession as